

**ORDERED in the Southern District of Florida on March 27, 2018.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: ) | CASE NO.17-14372-RAM |
| ) | CHAPTER 13 |
| AUXILIADORA GUADALUPE LOVO, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER (1) DENYING SECURED CREDITOR STONEBROOK II HOA'S
MOTION TO ALLOW LATE CLAIM AND (2) DISALLOWING CLAIM NO. 3**

The Court conducted a hearing on March 20, 2018, on secured creditor Stonebrook II HOA, Inc.'s ("Stonebrook") Motion to Allow Late Claim (the "Motion") [DE #43]. In the Motion, Stonebrook asks the Court to allow Stonebrook's late-filed claim, Claim No. 3 (the "Claim"), alleging that it did not timely receive notice of the claims bar date. The Debtor does not object to allowance of Stonebrook's Claim. However, the Chapter 13 Trustee, Nancy Neidich, objected at the hearing, arguing that lack of notice is

not a basis to allow a late claim under Fed. R. Bankr. P. 3002(c). The Court agrees with the Trustee.

The Court need not reach the issue of whether Stonebrook timely received notice of the claims bar date because insufficient notice is not cause for extending the time to file a proof of claim in this chapter 13 case. The deadline for filing a proof of claim in a chapter 13 case is set forth in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure. Rule 3002(c) also lists the only exceptions to the deadline for filing a proof of claim in a chapter 13 case and lack of notice is not one of them.[1]

The Court finds that its discretion to enlarge the time for filing a proof of claim in a chapter 13 case is limited to the exceptions specifically identified in Rule 3002(c). Although some courts have allowed late-filed claims based on considerations beyond those listed in Rule 3002(c),[2] this Court follows those

---

[1] Rule 3002(c)(6) was amended in 2017 "to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim." Fed. R. Bankr. P. 3002 advisory committee's note to 2017 amendment. Because the 2017 amendments were not in effect when the Debtor filed her chapter 13 petition, Rule 3002(c)(6) is inapplicable to this chapter 13 case.

[2] *See, e.g., In re Barnes*, No. 07-31157, 2008 WL 2397618, *2-3 (recognizing that "[b]ankruptcy courts are split on whether a creditor who has received no notice in a Chapter 13 case should be entitled to file a late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b)" and collecting cases where courts have allowed late-filed claims "based upon equitable factors" and "on separate theories").

courts that do not believe a bankruptcy court has the authority to judicially create a lack of notice exception to timely filing a proof of claim when that exception is not listed in the applicable rule. *See, e.g., Gardenhire v. United States Internal Revenue Service (In re Gardenhire)*, 209 F.3d 1145 (9th Cir. 2000) (holding that equitable tolling of the deadline for governmental units to file proofs of claim "is inconsistent with the plain meaning of the Bankruptcy Code and Rules, applicable Ninth Circuit precedent, and the weight of authority from other jurisdictions"); *In re Greenig*, 152 F.3d 631 (7th Cir. 1998) (holding the Rule 3002(c) deadline for filing a proof of claim is "an absolute bar" to allowing late-filed claims unless one of the Rule 3002(c) exceptions applies, and specifically concluding that a bankruptcy judge is not vested with the equitable power to circumvent Rule 3002(c)); *Dicker v. Dye (In re Edelman)*, 237 B.R. 146 (9th Cir. BAP 1999) (explaining that under Ninth Circuit precedent, "no source of discretion exists – neither equitable jurisdiction, nor § 105, nor anything else – and a source is not created even if a good reason is presented for why a source *should* exist").

Lastly, the Court does not agree with Stonebrook's contention that if the Claim is disallowed, Stonebrook "would have lost all its ability to collect from the debtor when the debtor never served with process any bankruptcy filings upon [Stonebrook]." Motion,

3

¶13.   Under 11 U.S.C. § 523(a)(3), "[a] discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing."

Therefore, it is –

**ORDERED** as follows:

1.   The Motion is denied.

2.   The Claim is disallowed without prejudice to Stonebrook later asserting that its debt is excepted from discharge under 11 U.S.C. § 523(a)(3) if the Debtor completes her plan and obtains a discharge.

###

COPIES TO:

Paul A. McKenna, Esq.
Sandra Navarro-Garcia, Esq.
Nancy K. Neidich, Chapter 13 Trustee

**(Attorney McKenna is directed to serve a copy of this Order on all interested parties and to file a certificate of service)**